UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 1 5 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Duncan J. McNeil, III, et al.,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　)　　Civil Action No.　**10 1002**
　　　　　　　　　　　　　　　　　　)
Commissioner of Social Security et al.,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　)

MEMORANDUM OPINION

This matter is before the Court on the plaintiff's pro se complaint and application to

proceed without prepayment of fees. The application will be granted, and the complaint will be

dismissed without prejudice.

In this complaint, which consists of 43 typed pages and 220 paragraphs, with numerous

exhibits appended, the plaintiff challenges a decision of the Commissioner of Social Security, *see*

Compl. ¶¶ 37-73, asserts that several of his constitutional and statutory rights were violated in

events that occurred in and around Seattle and Tacoma, Washington, *id.* ¶¶ 117-198, and asks

this Court to set aside other courts' barring orders based on findings that the plaintiff is a

vexatious litigant or barred under the "three strikes" rule of 28 U.S.C. § 1915(g), *id.* ¶¶ 199-220.

*See also McNeil v. United States,* 2005 WL 1915842, *2 (E.D. Wash. Aug. 9, 2005) (barring

plaintiff from filing any civil actions or habeas corpus action without paying the filing fee).

This complaint is subject to dismissal for improper venue. The general federal venue

statute provides in pertinent part that

> A civil action wherein jurisdiction is founded only on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, . . . or (3) a judicial district in which any

(N)

3

defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). A review of the complaint shows that not all defendants reside in the same state, and that "a substantial part of the events or omissions giving rise to the claim occurred" not in the District of Columbia, but in Seattle, Washington and surrounding areas. Notwithstanding the plaintiff's conclusory allegation that the claims he asserts arise from events "primarily occurring[] in the Western District of Washington and the District of Columbia," Compl. ¶ 35, or "in the District of Columbia," *id.* ¶ 11, the factual allegations in the complaint do not support these conclusory statements.

In addition, the special venue statute that applies specifically to social security appeals provides that an action for judicial review

> shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). In this case, the plaintiff has attempted to argue that because he uses a mailing address that is in the Eastern District of Washington, and is "temporarily residing in the Western District of Washington," he does not reside in any judicial district and therefore venue in this district is proper. *See* Pl.'s Letter to Clerk of Court (May 11, 2010). Such an argument is frivolous and consistent with the plaintiff's long history of attempting to evade the barring order by filing actions in courts where venue is improper. *See McNeil v. United States,* 2005 WL 1915842, *1 ("In yet another effort to circumvent the pre-filing review orders issued by this court . . .").

Where venue is improper, a district court "shall dismiss" the case, or "if it be in the interest of justice, transfer such case" to a district where venue would be proper. 28 U.S.C.

§ 1406(a). In this instance, the Court does not find it in the interests of justice to transfer the case, because the plaintiff is barred from filing in the court where venue is proper. *McNeil v. United States,* 2005 WL 1915842, *2. Therefore, the complaint is dismissed on the basis of improper venue.

A separate order accompanies this memorandum opinion.

Date: June 4, 2011

United States District Judge