UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Duncan J. McNeil, III, et al., )
)
    Plaintiffs, )
)
v. ) Civil Action No. 10-10 002 (UNA)
)
Commissioner of Social Security et al., )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on the pro se plaintiff' motion for reconsideration of the June 15, 2010 Order that granted his application to proceed in forma pauperis and dismissed, sua sponte, his complaint for improper venue. The motion for reconsideration will be granted, the June 15, 2010 Order will be vacated in its entirety, and the complaint will be transferred to a court where venue is proper.

The complaint filed consists of 43 typed pages and 220 paragraphs, with numerous exhibits appended. It challenges a decision of the Commissioner of Social Security, *see* Compl. ¶¶ 37-73, asserts that several of the plaintiff's constitutional and statutory rights were violated in events that occurred in and around Seattle and Tacoma, Washington, *id.* ¶¶ 117-198, and asks this Court to set aside other courts' barring orders based on findings that the plaintiff is a vexatious litigant or barred under the "three strikes" rule of 28 U.S.C. § 1915(g), *id.* ¶¶ 199-220. *See also McNeil v. United States,* 2005 WL 1915842, *2 (E.D. Wash. Aug. 9, 2005) (barring plaintiff from filing any civil actions or habeas corpus action without paying the filing fee).

The special venue statute that applies specifically to social security appeals provides that an action for judicial review of a decision of the Commissioner of Social Security



shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). In this case, the plaintiff has attempted to argue that because he uses a mailing address that is in the Eastern District of Washington, and is "temporarily residing in the Western District of Washington," he does not reside in any judicial district and therefore venue in this district is proper. *See* Pl.'s Letter to Clerk of Court (May 11, 2010). Such an argument is frivolous and consistent with the plaintiff's long history of attempting to evade the barring order by filing actions in courts where venue is improper. *See McNeil v. United States*, 2005 WL 1915842, *1 ("In yet another effort to circumvent the pre-filing review orders issued by this court . . .").

In addition, the general federal venue statute provides in pertinent part that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). A review of the complaint shows that not all defendants reside in the same state, and that "a substantial part of the events or omissions giving rise to the claim occurred" not in the District of Columbia, but in Seattle, Washington and surrounding areas. Notwithstanding the plaintiff's conclusory allegation that the claims he asserts arise from events "primarily occurring[] in the Western District of Washington and the District of Columbia," Compl. ¶ 35, or "in the District of Columbia," *id.* ¶ 11, the factual allegations in the complaint do not support these conclusory statements. This complaint will be transferred for improper venue.

Where venue is improper, a district court "shall dismiss" the case, or "if it be in the interest of justice, transfer such case" to a district where venue would be proper. 28 U.S.C. § 1406(a). In *Anger v. Revco,* 791 F.2d 956 (D.C. Cir. 1986), however, the court held that a District Court may not sua sponte dismiss a pro se complaint for improper venue or personal jurisdiction. Therefore, the Court finds it in the interests of justice to transfer this case pursuant to 28 U.S.C. § 1406 to the United States District Court for the Eastern District of Washington.

Accordingly, it is hereby

ORDERED that the June 15, 2010 Order is VACATED in its entirety; and it is further

ORDERED that this complaint is TRANSFERRED to the United States District Court for the Eastern District of Washington. Ruling on the plaintiff's application to proceed in forma pauperis is left to the transferee court.

Date: 7/27/10

United States District Judge